UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JAMES RATTOBALLI,　　　　　　　　　　　　　　　:

　　　　　　　Petitioner,　　　　　:　　08 Civ. 8107 (TPG)

　　　　　- against -　　　　　　　:　　**OPINION**

UNITED STATES OF AMERICA,　　　　　:

　　　　　　　Respondent.　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 19, 08

　　　This is a motion under 28 U.S.C. § 2255 to vacate or amend a sentence, which was a re-sentencing following the Government's appeal on December 4, 2006 from the original sentence. The Court has concluded that the motion should be denied.

　　　Petitioner makes the following arguments: (1) on the Government's appeal from the original sentence, the Court of Appeals used the wrong standard of review in deciding to remand, so that on remand the District Court was carrying out instructions erroneously arrived at by the Court of Appeals; (2) on remand petitioner's attorney was inadequate because he failed to properly argue the so-called parsimony clause of 18 U.S.C. § 3553(a), and the District Court did not give proper weight to this clause.

　　　The nature of the case is fully set forth in the decision of the Court of Appeals on the first appeal in this case. United States v. Rattoballi, 452 F.3d 127 (2006).

Prior Proceedings

The issues involved in the present motion had their genesis in a sentence which the Court imposed following a guilty plea. The Guideline range was 27 to 33 months. The Court decided that the Guideline range should not be applied (the Guidelines being advisory under current law), and imposed a non-custodial sentence of one year of home confinement and five years probation. Petitioner was ordered to pay $155,000 in restitution, but no fine was imposed.

The Government appealed. In the decision cited above, the Court of Appeals vacated the sentence and remanded for re-sentencing.

The standard of review, articulated by the Court, was to determine whether the sentence was reasonable in light of the factors outlined in 18 U.S.C. § 3553(a). The Court stated that even after the recent Supreme Court decisions holding the Guidelines advisory,

> . . . we still review a district court's interpretation of the Sentencing Guidelines *de novo* and evaluate its findings of fact under the clearly erroneous standard.

Id. at 131-32. The Court of Appeals concluded that the Rattoballi sentence was indeed unreasonable when assessed against the § 3553(a) factors, and specifically stated that the Court's failure to impose a term of imprisonment was unreasonable. Id. at 137.

On remand the District Court held proceedings of some length, including the taking of testimony. The Court of Appeals had disagreed with the District Court's finding that petitioner's business

would be ended if petitioner were sent to prison for any length of time. On remand the Court heard evidence on this subject, and concluded that such evidence did indeed support the claim that a prison sentence of substance would likely put an end to petitioner's business.

The proceedings concluded on December 4, 2006, at which time the Court imposed the new sentence. The Government conceded that petitioner should receive 6 months credit for the year he had already spent in home confinement. The Court thus took the 6 months off the 27 month Guideline range minimum, which resulted in a new minimum of 21 months. The Court imposed a sentence of 18 months imprisonment, which was below the Guideline range by a moderate amount. The Court also imposed a fine of $20,000.

The Court made a lengthy statement of its reasons. One circumstance relied on by the Court arose as follows. Petitioner had originally entered into a cooperation agreement with the Government. However, petitioner concealed certain of his criminal behavior, which resulted in the cooperation agreement being nullified. The Court noted that if he had complied with the terms of that agreement, he would have received a 5K1 letter from the Government with the possibility of receiving a probation sentence, which would not have been the subject of an appeal (Tr. 61). With regard to the threat to petitioner's business, the Court stated (Tr. 61):

> The sad fact is that Mr. Rattoballi had the
> opportunity to go through this criminal process

and have the opportunity for a sentence which would not have been any threat to the business whatever.

In deciding on the sentence, the Court had this to say about the Court of Appeals ruling and the District Court's consideration on remand (Tr. 57-58):

> I start with the view that a prison sentence is virtually, although not explicitly, required by the Court of Appeals opinion. And, as I have said, it is my duty as a district judge in this case, to comply fully with the direction of the Court of Appeals. Although there was no explicit direction, the meaning of the Court of Appeals opinion is surely clear to me, and I would think would be clear to any reader. The opinion contains the statement, after much discussion, [that] the Court's failure to impose a term of imprisonment was unreasonable.
>
> * * *
>
> And I should say that I am not simply blindly following some dictate of the Court of Appeals although that's perhaps not the right way to say such a thing. But my point is not only do I feel bound to impose a prison sentence, what the Court of Appeals has clearly indicated, I am now persuaded in my own mind as a matter of my own discretion that such a thing is right.

Petitioner appealed from the re-sentencing. While the appeal was pending, the Supreme Court came down with decisions in <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007) and <u>Gall v. United States</u>, 128 S.Ct. 586 (2007). The Court of Appeals asked counsel to address letters to the Court commenting on these two new decisions. Both counsel did so. The attorney for petitioner argued that the

Supreme Court in these cases had articulated a standard of review for federal sentences giving substantially more deference to the district court than what the Court of Appeals had done in Rattoballi. Counsel argued that the remand of the Rattoballi matter, with its insistence on a prison sentence, was not in accordance with the law as announced by the Supreme Court, and that the re-sentencing was the result of an improper appellate ruling and should be vacated.

The Court of Appeals entered a summary order on May 8, 2008, affirming the re-sentencing. 2008 WL 194983. The Court made no mention of the issues raised as a result of Kimbrough and Gall. It addressed only two arguments of petitioner specifically.

The first was that the re-sentencing violated the parsimony clause of 18 U.S.C. § 3553(a). In this regard the Court stated:

> As to the first argument, Rattoballi proffers no evidence that the district court concluded that the original noncustodial sentence it imposed would be equally effective to serve the purposes of sentencing as the eighteen-month sentence it later imposed upon resentencing. We have said that "if a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher." *United States v. MinistroTapia*, 470 F.3d 137, 142 (2d Cir. 2006). As in *MinistroTapia*, there has been no showing here that the district court viewed the two sentences as equally effective to serve the purposes of § 3553, and thus, Rattoballi's parsimony clause argument fails.

The second contention discussed by the Court of Appeals was that the District Court erroneously read the earlier Court of Appeals decision to require it to impose a term of imprisonment. The response of the Court of Appeals was:

> Although the district court stated that "I think it is virtually impossible to comply with the Court of Appeals opinion without a prison sentence," in imposing the sentence, the district court concluded:
>
>> I am not simply blindly following some dictate of the Court of Appeals . . . . But my point is not only do I feel bound to impose a prison sentence . . . I am now persuaded in my own mind as a matter of my own discretion that such a thing is right.
>
> It is clear that the district court reconsidered its earlier sentence and decided that a sentence of imprisonment would be appropriate. There was no error in its exercise of discretion to impose an eighteen-month sentence.

The Court of Appeals did not specifically address the issues raised under Kimbrough and Gall, but simply stated that it had considered all of petitioner's "other arguments" and found them to be without merit.

## Discussion

It is now necessary to address the contentions made by petitioner on the present motion. The first is the claim that, on the first appeal, the Court of Appeals used the wrong standard of review, and that on remand the District Court was carrying out instructions by the Court

of Appeals which had been erroneously arrived at.  Petitioner may well be right that the standard for review of sentences, announced by the Supreme Court in the Kimbrough and Gall cases, is different than the standard of review employed by the Court of Appeals on the first Rattoballi appeal.

To the extent that the standard of review used by the Court of Appeals was improper, the place to raise that was in the Court of Appeals or the Supreme Court.  Indeed, that issue was raised on the second appeal, when the Court of Appeals itself asked for comments about the new Supreme Court decisions.  However, the Court of Appeals provided no remedy or correction with respect to its earlier ruling.

The District Court has no authority to vacate or amend the re-sentencing on the basis that the Court of Appeals applied an improper standard of review on the first appeal.  The District Court has no authority to correct the Court of Appeals.

It is necessary now to deal with the claim that petitioner was denied adequate counsel on the remand because his attorney failed to make a sufficient argument under the parsimony clause of § 3553.  The fact is that petitioner's attorney did raise the parsimony clause, although petitioner now criticizes the method of presentation.  But the real problem about the parsimony clause is that it did not apply.  Any application of the clause would have been based on the idea that one could compare the original noncustodial sentence with some other

sentence, specifically a prison sentence. But the re-sentencing was on remand by the Court of Appeals, and there was nothing in the Court of Appeals ruling which allowed for any serious weighing of a noncustodial sentence. Moreover, the Court had concluded that the 18 month prison sentence was appropriate, not only to comply with the Court of Appeals ruling, but as a matter of its own discretion. Under all the circumstances, there was no realistic basis for saying that the noncustodial sentence would be "equally effective" as the 18 month prison sentence.

Nothing said in this opinion takes away from the fact that there are numerous factors in petitioner's favor which militate in the direction of providing as humane treatment as possible. In that connection, petitioner's attorney made an application to the Court by letter dated July 24, 2008, to which the Government did not object, and which the Court granted. In an opinion dated August 26, 2008 the Court strongly recommended to the Bureau of Prisons that the Bureau apply the provisions of 18 U.S.C. § 3624(c) so that petitioner can spend the last 12 months of his confinement in a community corrections facility, and that he be placed in home confinement for the last 10% of the term, which would be 7 weeks.

## Conclusion

For the reasons set forth in this opinion, the motion to vacate or amend the sentence of December 4, 2006 is denied.

Dated:     New York, New York
           December 19, 2008

SO ORDERED

_____
THOMAS P. GRIESA
U.S.D.J.